**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                 CIVIL ACTION NO.   2:21-cv-00341

WILD ROCK WEST VIRGINIA, et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the United States' *Complaint* (Document 1), the *Defendants' Motion to Dismiss the Government's Complaint* (Document 14), the *Memorandum in Support of Defendants' Motion to Dismiss the Government's Complaint* (Document 15), the *United States' Response in Opposition to Defendants' Motion to Dismiss* (Document 19), and the *Defendants' Reply to the Government's Response to Motion to Dismiss* (Document 20).   For the reasons stated herein, the Court finds that the motion to dismiss should be denied.

**FACTUAL ALLEGATIONS**

The United States filed this action on June 15, 2021, naming the following Defendants: Wild Rock West Virginia, Optima Properties WV, LLC, and William Frischkorn, Administrator of the Estate of Carl F. Frischkorn.   The suit alleges claims pursuant to the System Unit Resource Protection Act (SURPA) and common law trespass and conversion.

1

"Wild Rock is located in and around Fayetteville, West Virginia, and shares a common property line with land owned by the United States in the [New River Gorge National] Park." (Compl. at ¶ 6.)   Optima Properties is a developer of Wild Rock.   Carl Frischkorn was the Manager of Optima Properties.   He died in August 2020.   William Frischkorn is the administrator of his estate.

Wild Rock is a housing development with 150 homes on 650 acres, with more than one mile of a common property line bordering the New River Gorge National Park (the Park).   The Defendants purchased the property in 2007.   At that time, Park employees observed that the cliff ecosystem near the property line was in excellent condition with no sign of recreational use.   "In June 2015, Park employees discovered that trees had recently been cut and other vegetation had been removed within two tracts of Park-owned land near the border shared with Wild Rock."   (*Id.* at ¶ 31.)   Park employees investigated and "discovered damage at seven clifftop sites," where the removal of trees and vegetation from Park property created a direct view of the New River Gorge and/or New River Gorge Bridge from sites within the Wild Rock development.   (*Id.* at ¶ 31–33.) The Park employees "ascertained that Wild Rock employees or agents had cut the trees and vegetation at the direction of Carl Frischkorn and Mike Henning, former Wild Rock property manager."   (*Id.* at ¶ 32.)   The Park employees observed signs of efforts to conceal the damage, including tree stumps covered with rocks and a property boundary marker that had been moved.

The damage covers 0.636 acres and includes 149 trees, ranging from 50 to 154 years old, 124 saplings, and 116 shrubs.   "By the time the damage was discovered in June 2015, the cuts had already led to the creation of formal[1] and informal trails at the overlooks by hikers and Park

---

1  It is not clear how the United States defines a "formal" trail that was unknown to its employees.

visitors, creating additional harm to Park property."  (*Id.* at ¶ 38.)  "In November 2015, Park employees noticed evidence of ongoing maintenance of trails and openings on Park property," with public use of the areas hindering their recovery.  (*Id.* at ¶ 39.)  Full recovery could take 150 to 200 years.  The National Park Service (NPS) investigated the trespass and took actions to prevent additional injury to the area.  It assessed the damage and restoration needs.

The United States asserts the following claims: Count 1: SURPA; Count 2: Common Law Trespass; and Count 3: Common Law Conversion.  It seeks a monetary judgment for response costs and damages under SURPA, compensatory damages, punitive damages, a permanent injunction barring the Defendants from causing future destruction of, loss of, or injury to land and resources owned by the United States, a permanent injunction barring the Defendants from trespassing on and converting property owned by the United States, and an order requiring the Defendants to provide access to Park land via the Defendants' property to facilitate restoration.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading.  *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*,

550 U.S. 544, 555 (2007)).   In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements."   *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."   *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).   However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.   *Iqbal,* 556 U.S. at 679.   Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."   *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).   A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557).   "Determining whether a complaint

states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants assert that the United States' claims are barred by the applicable statutes of limitations.   They argue that the SURPA claim is subject to a six-year statute of limitations. Because the complaint alleges that formal and informal trails used by hikers and park visitors to view overlooks had developed prior to the alleged discovery of the cut areas in June 2015, the Defendants contend that the cutting took place long prior and should reasonably have been discovered before June 15, 2015, six years prior to the filing of the complaint.   The Defendants further argue that the state trespass and conversion claims are subject to a two-year statute of limitations, and thus were required to be filed by June 2017, at the latest, within two years of the asserted June 2015 discovery.

The United States contends that the six-year statute of limitations is applicable to all three claims, citing 28 U.S.C. § 2415.   It argues that the statute of limitations was tolled between the time the Defendants cut the trees and vegetation and the time NPS staff discovered the damage and remained tolled "during the time that NPS investigated Defendants' actions and prepared the necessary documentation to support a finding of destruction, loss, or injury under SURPA." (Resp. at 5.)   The United States further highlights its allegation that the Defendants covered stumps and moved a boundary marker to conceal the damage to support its position that the Defendants' actions delayed discovery of the damage.   Finally, it argues that the facts on the face of the complaint do not support a statute of limitations defense because the complaint alleges that

the damage was discovered in June 2015, and dates after June 15, 2015, fall within the six-year statute of limitations.

In reply, the Defendants "acknowledge that there is support for the government's position" that the six-year federal statute of limitations may apply to the state claims, although they contend that the issue has not been definitively resolved. (Reply at 1.) The Defendants argue that it is unnecessary to determine whether shorter state statutes of limitations apply to the state claims because all claims are time barred by the six-year statute of limitations. They argue that the United States' position that the statute of limitations is tolled during an agency investigation would essentially eliminate the statute of limitations by allowing the United States to extend the time indefinitely. The Defendants reiterate their view that the complaint pled discovery in June 2015 and therefore the statute of limitations expired as of June 2021. They urge the Court not to infer from those allegations that discovery could have occurred in late June 2015, such that the June 15, 2021 filing falls within the statute of limitations.

Typically, a statute of limitations defense must be raised as an affirmative defense and the defendant bears the burden of establishing that the defense is applicable. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citations omitted). Accordingly, in a 12(b)(6) motion to dismiss, which tests the sufficiency of the complaint, courts generally cannot reach the merits of an affirmative defense. *Id.* Therefore, "[i]n deciding a motion to dismiss based on the statute of limitations, the Court should only grant the motion if it clearly appears on the face of the complaint that the plaintiff's claims are time-barred." *Williams v. West Virginia Div. of Corrs.*, No. 2:19-cv-496, 2020 WL 748873 (S.D.W. Va. Feb. 13, 2020) (citations omitted). If all of the necessary facts for the defense are not apparent on the face of the complaint, the motion must be denied.

6

*Goodman*, 494 F.3d at 464.

28 U.S.C. § 2415(b) establishes a six-year statute of limitations for claims "to recover damages resulting from trespass on lands of the United States…[and] for conversion of property of the United States."   28 U.S.C. § 2415(b).   That time excludes "all periods during which…facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances."   28 U.S.C. § 2416(c).   For purposes of this motion to dismiss, the Court will presume without deciding, as suggested by the Defendants, that the six-year statute of limitations applies to the state claims as well as the SURPA claim.   Applying the same statutory provisions, the Fourth Circuit has found that factual disputes and potentially diverging inferences regarding when government officials knew or reasonably could have known the facts material to a right of action require resolution by a jury.   *United States v. Dawkins*, 629 F.2d 972, 975 (4th Cir. 1980).

The Tenth Circuit has also considered some of the issues presented herein.   It concluded that a cause of action accrues "when all events necessary to state a claim have occurred," not when the facts are discovered.   *Phillips Petroleum Co. v. Lujan*, 4 F.3d 858, 861 (10th Cir. 1993) (quoting *Chevron U.S.A., Inc. v. United States,* 923 F.2d 830, 834 (Fed. Cir. 1991)).   Although the statute of limitations is tolled pursuant to § 2416(c), the Tenth Circuit emphasized that "[t]he determining factor in deciding when the statute of limitations should commence to run is the date at which the government should 'reasonably' have known of the breach."   *Id.* at 863 (remanding with instructions for the district court to hold a hearing to determine when the government knew or should have known of the material facts).

The United States does not allege when the damage occurred. It alleges that the Defendants obtained the bordering property in 2007. At that time, Park employees were aware of the condition of the property in question and observed that it was in excellent condition with no signs of recreational use. The United States alleges that Park employees discovered the damage in June 2015, at which time trees and vegetation had been cut, formal and informal trails were in use in the area, and some areas showed signs of efforts to conceal the damage.

At this stage, the Court considers only whether the Defendants have met their burden of showing that the facts alleged in the complaint establish that the claims fall outside the statute of limitations. If Park employees discovered the damage after June 15, 2015, and could not reasonably have discovered the damage earlier, the claims would be timely filed.[2] Factual development of the claims through discovery is necessary to determine precisely when Park employees discovered the damage, as well as when they reasonably could have known of the facts material to the claims. Although the Defendants point out several allegations that raise serious questions about the reasonableness of a purported late June 2015 discovery, given the indication that there was extensive and relatively long-standing public use of the cut areas in June 2015, the allegations themselves do not conclusively establish that the claims are time-barred.[3] Therefore, the motion to dismiss must be denied.

---

[2] The Court notes that the United States' alternative argument that the statute is tolled indefinitely during its investigation has no supporting authority and is contrary to the purpose of a statute of limitations. Thus, the proper standard is the statute of limitations and applicable tolling periods set forth in 28 U.S.C. § 2415 and 2416.

[3] Should the parties wish to expeditiously conduct discovery and summary judgment briefing specifically related to the statute of limitations, they may file a motion with proposed deadlines for that purpose.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the

*Defendants' Motion to Dismiss the Government's Complaint* (Document 14) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to

any unrepresented party.

ENTER:    April 8, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA